NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 05 2017

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID J. PRYOR, AKA Latiya Pryor, | No. 14-15210 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02696-EDL |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; GREG SUHR, San Francisco Police Chief, individually and in his official capacity; SAN FRANCISCO SHERIFF DEPARTMENT; MICHAEL HENNESSY, former San Francisco Sheriff, individually and in his official capacity; VICKI HENNESSY, San Francisco Acting Sheriff, in her official capacity; SUTTER, Deputy Sheriff; MARTINEZ, Deputy Sheriff; ROSS MIRKARIMI, Sasn Francisco Sheriff, in his official capacity; CURLEY, Deputy Sheriff; WILLIAM ROLD, Deputy Sheriff; PERCY GRANT, Deputy Sheriff; THOMAS P. MACMAHON; AARON FOLTZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Latiya Pryor appeals several district court rulings following a jury verdict in favor of the sole defendant remaining in the case following pretrial proceedings.

1.      The district court did not err when it granted partial summary judgment in favor of Deputy Grant because even taking Pryor's version of events as true, no reasonable jury could determine that Deputy Grant's actions were anything but "de minimis and thus constitutionally reasonable." *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001).  Pryor's Bane Act claim also fails because there was no constitutional violation.  *See King v. State*, 242 Cal. App. 4th 265, 294 (2015) (requiring interference with a constitutional right).

2.      Because Pryor failed to object to the expert testimony of defense witness Michael Pickett on the same grounds that she raises on appeal, we review her challenges to that testimony for plain error.  *United States v. Chang*, 207 F.3d 1169, 1175 (9th Cir. 2000).  The district court did not plainly err.  Pickett

2

permissibly testified that San Francisco Sheriff's Department policy requires officers to remove hairpieces that can be removed without injuring a prisoner and that removing only several natural hairs would not constitute an injury for purposes of the policy. Even if Pickett offered an impermissible legal conclusion about the nature of "force," that testimony did not "affect[] the outcome of the district court proceedings." *United States v. Olano*, 507 U.S., 735, 734 (1993).

3.    The district court did not abuse its discretion in formulating the jury instructions. *See United States v. Lloyd*, 807 F.3d 1128, 1165 (9th Cir. 2015). "[L]ooking to the instructions as a whole, the substance of the applicable law" on excessive force was "fairly and correctly covered," even if the jury was not separately instructed on Pryor's alternative factual theory of the case. *Gantt v. City of L.A.*, 717 F.3d 702, 707 (9th Cir. 2013) (quotation marks omitted).

**AFFIRMED.**